IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SYLVIA REESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-793-WKW-SRW |
| | ) |
| WEIDPLAS NORTH AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

## **ORDER and RECOMMENDATION**

*Pro se* Plaintiff Sylvia Reese initiated this civil rights action against her employer, Defendant Weidplas North America, LLC, alleging Weidplas' liability under Title VII of the Civil Rights Act of 1964 ("Title VII") for race discrimination and/or for retaliation. Doc. 1. The court granted Plaintiff's application for leave to proceed *in forma pauperis*,[1] ordering the clerk to defer service of process on Defendant until further order of the court, pending review of Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Doc. 9 at 2.

Upon its review of Plaintiff's complaint (Doc. 1), the court ordered Plaintiff to file an amended complaint. Doc. 10 at 7. The court indicated that

> [t]he amended complaint shall comply with the Federal Rules of Civil Procedure and shall (i) clearly state which causes of action [Plaintiff] intends to state against the defendant, and (ii) for each cause of action alleged, set

---

[1] [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1).

1

> forth all of the material facts giving rise to the cause of action clearly and concisely, without omitting any of the necessary facts as discussed in this order.

*Id.*

Plaintiff filed an amended complaint on September 11, 2019. Doc. 11. Upon its review of the amended complaint, the court finds that Plaintiff's amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In relevant part, § 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

Although the court construes *pro se* pleadings liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), *pro se* litigants must nonetheless follow the procedural rules, and the court is not required to rewrite a deficient pleading. *See GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell*, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Pro se*

> pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. [*Iqbal*, 556 U.S. at 678].

*Id.* Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, even if liberally construed, Plaintiff's amended complaint (Doc. 11), must minimally satisfy Rule 8 to survive review under § 1915(e). Furthermore, an amended complaint entirely supersedes all prior complaints. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal Rules of Civil Procedure an amended complaint supersedes the original complaint). Once a complaint is amended, the only issues before the court are those raised in the amended document, and the plaintiff may not rely upon or incorporate by reference her prior pleadings. This court has reviewed Plaintiff's amended complaint (Doc. 11) and supporting exhibits (Docs. 11-1–11-4) in light of the foregoing principles.

1. *Title VII Race Discrimination*

First, Plaintiff expressly alleges Defendant's liability under Title VII for race discrimination. Doc. 11 ¶¶ 1, 3. It is unlawful under Title VII for a covered employer to discriminate against any individual in connection with the terms and conditions of employment because of that individual's membership in a protected class such as race. *See*

42 U.S.C. § 2000e-2(a)(1). An employer is covered for Title VII purposes if the employer employed 15 or more employees on each work day in each of twenty or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e(b). Plaintiff's allegation that Defendant "Weidplas employs 50 or more employees" (Doc. 11 ¶ 4) and the EEOC charge[2] stating that Defendant employs "101-200" employees (Doc. 11-1 at 9), are sufficient to support the conclusion that Defendant is a covered employer for Title VII purposes.

To state a *prima facie* race discrimination claim under Title VII, a plaintiff must allege that (i) she is a member of a racial minority, (ii) she was subjected to adverse employment action, (iii) she was qualified for the job at issue, and (iv) her employer treated one or more employees outside her protected class more favorably, where such other employees were similarly situated in all material respects to the plaintiff. *See Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220-1221, 1221-1226 (11th Cir. 2019). In her amended complaint, Plaintiff clearly alleges that she is "a member of a racial minority (African-American (Non-Hispanic))," and that she was "qualified for the job at issue," having worked at the company "since November 29, 2004," as "a team leader for more than six years." Doc. 11 ¶ 3. However, the allegations in the amended complaint are insufficient to establish that Plaintiff was subjected to adverse employment action and that Defendant treated similarly situated employee(s) outside of Plaintiff's protected class more favorably than she.

---

[2] Attached as an exhibit to Plaintiff's amended complaint is an EEOC charge that she filed on November 12, 2016, in connection with the conduct she complains of in her amended complaint. Doc. 11-1 at 9. By and through her EEOC charge, Plaintiff made statements under penalty of perjury that supplement the allegations of her amended complaint.

First, Plaintiff has not sufficiently alleged that she was subjected to adverse employment action. In fact, her amended complaint and supporting exhibits appear to establish the contrary. For instance, although Plaintiff alleges that, toward the end of her leave taken pursuant to the Family and Medical Leave Act of 1993 ("FMLA") her "job title changed from Team Leader to Production Operator," Plaintiff also states that, "her pay did not change," she has "not been out of work since returning from FMLA"—and that, upon her written request,[3] she was reinstated to her previous role as Team Leader in the Production Department. Doc. 11 ¶¶ 5, 6. Plaintiff does allege that she worked under "less favorable conditions," such as "outside in the hot warehouse," during her five weeks as Production Operator. *Id*. ¶ 5.  However, her amended complaint and supporting exhibits make clear that the position of Production Operator was not intended as a permanent modification to the terms and conditions of her employment, but was instead a temporary arrangement due to business necessity—*e.g.*, the need for Defendant to have a replacement available for Plaintiff when she was on leave and absent. *See* Doc. 11 ¶¶ 5, 6; Doc. 11-1 at 2. Second, although Plaintiff alleges that Defendant treated one Caucasian employee who took FMLA leave more favorably than she, she has not alleged facts underlying that allegation with sufficient particularity to support the conclusion that Defendant treated non-minority employees more favorably, where such employees were similarly situated to Plaintiff *in all material respects*. Even accepting as true the unadorned allegation that

---

[3] After her return from FMLA leave, Plaintiff wrote a letter requesting reinstatement to the Team Leader position.  Doc. 11-3 at 2.  The letter is an exhibit to and is referred to in Plaintiff's amended complaint.  *Id*.; Doc. 11 ¶ 6. Dated July 22, 2016, it states, in relevant part, "The health of my husband was very concerning at the time of my removal from the [sic] team leader.  He has made great strides in his recovery . . . . At this time, I would like to be re-instated as team leader." Doc. 11-3 at 2.  Plaintiff was reinstated as Team Leader on August 15, 2016.  Doc. 11 ¶ 6.

5

Plaintiff's and the Caucasian employee's "roles and responsibilities are very similar," the amended complaint plainly establishes that Plaintiff "is a production team leader," whereas the comparator employee "is a *maintenance* team leader," and that employee's scope of duties is not alleged. Doc. 11 ¶ 4 (emphasis added). For these reasons, the court concludes that the amended complaint is insufficient to state a claim against Defendant for race discrimination under Title VII.

2. *Title VII Retaliation*

Plaintiff's second expressly alleged claim is one of retaliation under Title VII. To state a *prima facie* retaliation claim under Title VII, a plaintiff must allege that (i) she engaged in statutorily protected activity, (ii) she was subjected to adverse employment action, and (iii) the employer subjected her to adverse employment action because of her protected activity. *See Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012) (citations omitted).

As to whether Plaintiff's leave of absence from work constituted statutorily protected activity, an employee is subject to the protections of the FMLA where the employer employs 50 or more persons within 75 miles of the worksite where the employee works,[4] and the employee has worked for the employer for at least 12 months and has worked at least 1,250 hours for the employer over the previous 12 months. *See* 29 U.S.C. § 2611(2)(B)(ii); 29 U.S.C. § 2611(2)(A). An employee eligible for FMLA protection is entitled to protected leave of absence from work for the purpose, *inter alia*, of providing

---

[4] Plaintiff's allegation that Defendant "Weidplas employs 50 or more employees" (Doc. 11 ¶ 4) and the EEOC charge stating that Defendant employs "101-200" employees (Doc. 11-1 at 9), are sufficient to support the conclusion that Defendant is subject to the requirements of the FMLA.

6

care to a spouse who suffers from a "serious health condition," 29 U.S.C. § 2612(a)(1)(C), where *serious health condition* is defined as "an illness, injury, impairment, or physical or mental condition" requiring either inpatient care or continuing treatment by a health care provider, *see* 29 U.S.C. § 2611(11). Where an eligible employee wishes or intends to exercise her right to protected leave, the employee must provide the employer with formal notice of her intention to take such leave, and where feasible (and only where feasible) must do so 30 days in advance of the date the leave is projected to begin. *See Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208–1209 (11th Cir. 2001); *see also* 29 U.S.C. § 2612(e)(2). Following receipt of such notice, the employer may request certification of the serious medical condition at issue from a medical provider and, in the event such certification is requested, the employee must cooperate with the employer to provide it. *See* 29 U.S.C. § 2613(a). An eligible employee entitled to FMLA-protected leave who complies with all applicable notice and certification requirements is entitled to up to 12 weeks of protected leave of absence (and a combined total of 26 weeks in any 12-month period in the event of multiple separate needs for medical leave), which, with the consent of the employer, may be taken on an intermittent basis. *See* 29 U.S.C. § 2612(a), (b). In the event of intermittent leave, the employer may require the employee to serve in an alternative position with equivalent pay and benefits on a temporary basis, where such alternative position better accommodates the need for recurring periods of leave. *See* 29 U.S.C. § 2612(b)(2). An employee returning from covered leave is entitled to be restored to her former position or to its equivalent. 29 U.S.C. § 2614(a)(1).

Plaintiff's amended complaint states that she has worked for Defendant "at least 12 months, at least 1,250 hours over the past 12 months" and that "[d]uring 2016, [she] took

7

FMLA leave only when necessary to care for [her] ill husband from January 25-29, March 9 & 16, April 22-29, May 6 & 10, May 31-June 10, and June 15-30." Doc. 11 ¶ 4. She further alleges, and the supporting exhibits to the amended complaint show, that her "husband's illness was sufficiently serious to require inpatient care and ongoing medical care." *Id.* ¶ 7. The amended complaint and exhibits also satisfactorily establish that Plaintiff complied with the FMLA's notice and certification requirements outlined above. *See id.*; Doc. 11-2. Thus, Plaintiff has alleged sufficient facts to support the conclusion that her leaves of absence from work were statutorily protected under the FMLA.

However, Plaintiff's claim for Title VII retaliation is due to be dismissed because she has not sufficiently alleged an adverse employment action, as explained in Section 1. above. On the contrary, Plaintiff's amended complaint and supporting exhibits show that she requested intermittent leave under the FMLA throughout the first half of 2016; that Defendant granted the leave; that her pay did not change; that she was placed in a non-supervisory position in which her work would be covered by another employee when absent from work; and that when her husband's health improved, she requested and was granted reinstatement to the Team Leader position. *See* Doc. 11 ¶¶ 5–7; Doc. 11-1 at 2; 29 C.F.R. § 825.204(a); 29 U.S.C. § 2612(b)(2) (where an employee will be taking recurring intermittent leave, the FMLA allows an employer to transfer an employee to any "available alternative position for which the employee is qualified and which better accommodates recurring periods of leave than does the employee's regular position"). Therefore, the court concludes that the amended complaint is insufficient to state a claim against Defendant for retaliation under Title VII.

   3. *FMLA Interference*

The FMLA provides a private cause of action for interference to eligible employees whose employers deny or otherwise interfere with the employee's substantive rights under the FMLA. *See Strickland*, 239 F.3d at 1206; *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269, 1272 (11th Cir. 2012). Here, as set forth above, Plaintiff has alleged sufficient facts to support the conclusion that she was eligible to receive FMLA protection and that her leaves of absence from work were protected under the FMLA. In addition, to state an FMLA interference claim, a plaintiff must allege that she was entitled to a benefit under the FMLA (*e.g.*, to reinstatement to her former job position or its equivalent), and that the employer refused to provide it. *See Strickland* at 1206–1207. Nowhere in the amended complaint does Plaintiff allege that Defendant refused to reinstate her to the job title of Team Leader. Although Plaintiff alleges that during her five weeks as a Production Operator she worked "outside in the hot warehouse" and "work[ed] additional Saturdays or trade-in, in order to avoid having to work [her] normal day off," she made no allegation that this was due to any refusal or denial of a benefit on the part of her employer. Doc. 11 ¶ 5. Rather, according to the facts in her amended complaint, Plaintiff made one request to be reinstated as Team Leader in the Production Department, and Defendant granted that request. *Id.* at ¶ 6; Doc. 11-3. Absent greater supporting factual detail than this, the court must conclude that the amended complaint is insufficient to state an FMLA interference claim against Defendant.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before December 20, 2019**. A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 5th day of December, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge